IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Thomas Dalmar,<br><br>　　　　Petitioner,<br><br>vs.<br><br>Katrina Kane,<br><br>　　　　Respondent. | )　No. CV 07-2475-PHX-MHM (HCE)<br>)<br>)　**REPORT & RECOMMENDATION**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

　　　　Pending before the Court is Petitioner's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241. For the following reasons the Magistrate Judge recommends that the District Court dismiss the Petition as moot.

**I.　　DISCUSSION**

　　　　Petitioner has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 alleging that immigration officials are holding him in detention pending his removal to Antigua and that his removal cannot be effected. Therefore, Petitioner seeks immediate release from custody on the ground that his indefinite detention with no prospect of effecting removal in the reasonably foreseeable future is unlawful. *See Zadvydas v. Davis*, 533 U.S. 678 (2001) (when there is no reasonable likelihood that a foreign government will accept an alien's return in the reasonably foreseeable future, the INS may not detain the alien for more

than the presumptively reasonable period of six months); *Clark v. Martinez,* 543 U.S. 3712 (2005) (extending the holding in *Zadvydas* to inadmissible aliens).

In the Notice of Assignment, sent to Petitioner on December 7, 2007, the Court directed Petitioner that he "must file a Notice of Change of Address if your address changes." (Doc. No. 2) The Court warned that failure to do so "will result in...your case being DISMISSED." (Id.) (capitalization in original).

On February 4, 2008, Court mail, sent to Petitioner at his address of record at the Eloy Detention Center, was returned to the Court. (Doc. No. 5) Notation on the returned envelope indicated that Petitioner was no longer in custody and, also, that the mail was "refused, unable to forward." (Id.)

On February 7, 2008, Respondent filed a "Suggestion of Mootness" indicating that Petitioner was released from custody on an Order of Supervision on January 10, 2008. Therefore, Respondent moves for dismissal of the instant action because Petitioner has already obtained the relief requested in his Petition. Respondent's Petition was sent to Petitioner at an address in New York. Petitioner has not filed a Notice of Change of Address with the Court.

On February 8, 2008, the Court entered an order granting Petitioner until February 27, 2008 to file: (1) a notice of change of address indicating his current address; and (2) a brief showing good cause why this case should not be dismissed as moot in light of Respondent's Suggestion of Mootness. (Doc. No. 7) The Court also advised Petitioner that his failure to file a Notice of Change of Address *and* the brief as ordered would result in a recommendation for dismissal of this action without further notice to him. (Id.) The February 8, 2008 Order was sent to Petitioner at his address of record and to an address in New York indicated in Respondent's Suggestion of Mootness. (February 8, 2008 docket entry). The deadline for Petitioner to comply with the Court's Order has passed and Petitioner has filed neither a notice of change of address nor the required brief.

The record reflects that Petitioner has obtained the relief he requested in his Petition for Writ of Habeas Corpus. Additionally, Petitioner has failed to keep the Court apprised of his new address and he has failed to make any showing as to why his Petition should not be dismissed as moot. Accordingly, this matter should be dismissed as moot.

## II.     CONCLUSION

For the foregoing reasons, the Magistrate Judge recommends that the District Court, dismiss Petitioner's Petition for Writ of Habeas Corpus as moot.

Pursuant to 28 U.S.C. §636(B), any party may serve and file written objections within ten days after being served with a copy of this Report and Recommendation. If objections are filed, the parties should use the following case number: **CV 07-2475-PHX-MHM**.

If objections are not timely filed, then the parties' right to *de novo* review by the District Court may be deemed waived. *See United States v. Reyna-Tapia,* 328 F.3d 1114, 1121 (9th Cir.) (*en banc*), *cert. denied,* 540 U.S. 900 (2003).

The Clerk is DIRECTED to mail a copy of this Report and Recommendation to the parties. Petitioner's copy should be mailed to his address of record and the following address: 201 E. Mt.Eden Avenue, Bronx, NY 10457.

DATED this 29th day of February, 2008.

_____
Héctor C. Estrada
United States Magistrate Judge